ROANE, Judge.
There is no ground for believing that the eight thousandth ticket was ever put into the numerical wheel; and therefore the question is, Whether the drawing, which took place, was valid ? It is obvious, that the ^effect is diminished, or increased, according to the number of tickets ; and, consequently, that the chances of the tickets actually drawn, were different, among themselves, from what they would have been, if the true number had been put into the wheel: so that, even as to them, the stipulations were not fulfilled ; and the mistake ought to be corrected. But the argument is a fortiori as to the owner of the lost ticket; for the others had a chance, although not that stipulated in the scheme ; which was in some degree compensated, as the omission diminished the number of competitors. Whereas the owner of the lost ticket had no chance at all; but was deprived of his right altogether. He is therefore an injured man ; and the rest of the adventurers have no right to insist that he shall not have an opportunity of redress. It was said, by Mr. Hay, that the contract was only between the commissioners on one side, and each adventurer in his own right, upon the other; and therefore, that the loss to one ticket holder was nothing to the rest; but the injured person should seek redress from the commissioners. That,- however, is not a true representation of the case; for the adventurers were joint partners in the lottery as far as respected the drawing of it, although the chances and the profits arising from them respectively, were several; they were therefore pro hac vice, socially interested, and must be understood as having jointly stipulated among themselves to assist each other in procuring a drawing according to the scheme, that each might have the profit, which fortune might allot him. The argument, therefore, that none but the party injured is concerned with his loss from misconduct in the drawing of the lottery, is not correct ; for the nature of their engagement to each other is, that there shall be a drawing according to the scheme ; and that they will jointly assist in effecting it. The rest, therefore, cannot *1051 separate themselves from one, and violate the stipulation, by ousting- him of his rights themselves, or overlooking, or ratifying the ouster of others; for In societatis con-tractibus tides exuberet. But this is not the only view of the subject: a more *complete classification of the parties would be into the college, the commissioners, and the adventurer ; and then their relative duties are obvious. For according to that arrangement, all must be understood as impliedly agreeing with each other to the scheme published by the commissioners; and the college and adventurers will stand in the relation of buyers and sellers; but the commissioners, like auctioneers, will occupy the station of agents of the other two for conducting the drawing as prescribed by the scheme. 3 Burr. 1921. Which necessarily makes the college and adventurers the real parties to the drawing ; and consequently, mutually responsible that it should be justly conducted, according to the plan agreed on. Any departure from it, therefore, without the joint consent of all, vitiates the transaction. The obligation to adhere to the scheme is strengthened by the reflection, that the scheme was, in effect, part of the act of assembly from which it emanated, and from which the commissioners derived their authority : This made it indispensably necessary that the scheme should be fully complied with : E'er if it was part of the act, the commissioners could not lawfully depart from it. Consequently, as the scheme announced that 8000 tickets were to be drawn, if less than that number was drawn, the stipulations between the parties, and the law, were both violated ; and therefore, the drawing wholly void. Nor is it material, whether the omission arose from negligence or mistake; for, either way, the effect was the same, as the drawing was not conducted according to the scheme. But it was said, that, if the commissioners were the agents of both parties, the college and adventurers were bound by their acts. That, however, does not meet my idea ; because the agency was confined to authorized and lawful purposes only, without extending to any other. Therefore, as they were not authorized to agree to acts of negligence or mistake, neither the college, nor the adventurers, could be bound by any of that character. The case of Schinotti v. Bumsted, 6 T. Rep. 646, appears to be hardly reconcileable to the act of parliament: But be that *as it may, it is the decision of a court of common law upon a statute that did not extend to this country ; and therefore, is no authority here. I am, consequently, of opinion, that the drawing was void, and that a new one ought to take place.
FLEvMING, Judge.
The mistake vitiates the whole drawing : which ought, therefore to be set aside, and a new one directed. For it makes no difference that a single ticket only was missing, as the owner of that was an injured man, and the general risk, as to the rest of the holders, was necessarily changed. I am for reversing the decree, that a redrawing of the lottery, may take place.
LYONS, President,
concurred; and the entry was as follows :
“This day came the parties, by their counsel, and the court having maturely considered the transcript of the record of the decree aforesaid, and the arguments of counsel, is of opinion, That in lotteries, every purchaser of a ticket is an equal adventurer, and, as such, has a right with every other adventurer, to an equal chance for a prize ; and that, as a ticket numbered 3556 was not, by neglect or accident, put into the wheel before the lottery, in the proceedings of this cause mentioned, was drawn, that ticket had not an equal chance with the tickets of the other adventurers ; or rather had no chance at all, to draw a prize. And that, although no fraud, collusion or evasion, was practised by the managers, or their agents, in their conduct or proceedings respecting the said lottery, yet as there was a mistake in the number of tickets put into and drawn out of both wheels of the said lottery, the mistake might have affected the chances of others, as well as that of the owner of the ticket No. 3556, and therefore ought, in equity, to be rectified ; which can only be done by a redrawing of the said lottery according to the original scheme thereof; and that the appellee ought not to be benefitted by the mistake aforesaid, or to be paid the five hundred ^dollars drawn under such error and mistake, as a prize to, and by his ticket. Therefore it is decreed and ordered that the decree aforesaid be reversed and annulled, and that the appellee pay to the appellants their costs by them expended in the prosecution of their appeal aforesaid here. And this court proceeding to make such decree as the said superior court of chancery ought to have pronounced, it is further decreed and ordered that the bill of the appellee be dismissed, and that the parties bear their own costs in the said superior court of chancery.”